WALSH v. RIESENBERG et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

DEATH—AMOUNT OF DAMAGES.

A verdict for $15,000 for the death of a man 32 years of age and earning $12 per week was excessive.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 125.]

Appeal from Trial Term, New York County.

Action by Mary Walsh, as administratrix of the estate of Walter Walsh, deceased, against Adolph Riesenberg and others. From a judgment for plaintiff, defendants appeal. Reversed on conditions.

Argued before O'BRIEN, P. J., and McLAUGHLIN, CLARKE, INGRAHAM, and HOUGHTON, JJ.

H. S. Marshall, for appellants.
F. L. Taylor, for respondent.

CLARKE, J. Plaintiff's intestate and one Connor were killed on March 7, 1900, by the fall of a bundle of iron pipes from an elevator in a building owned and occupied by the appellants, comprising the firm of Koch & Co. Walsh and Connor were truckmen, and had been engaged in unloading the pipes from a truck on the street. At the time of the accident they were standing upon the sidewalk. The pipes fell through a window of the elevator shaft, striking and killing both men. The litigation growing out of this occurrence is reported as follows: Connor v. Koch, 63 App. Div. 257, 71 N. Y. Supp. 836; Connor v. General Fire Extinguisher Company, Impleaded, etc., 73 App. Div. 624, 77 N. Y. Supp. 339, affirmed 174 N. Y. 315, 66 N. E. 1106; Connor v. Koch, 89 App. Div. 33, 85 N. Y. Supp. 93; Walsh v. Riesenberg, 94 App. Div. 466, 89 N. Y. Supp. 58.

The facts have been so fully stated in those cases that it would serve no useful purpose to repeat them here. In the case in 89 App. Div. 33, 85 N. Y. Supp. 93, this court unanimously affirmed a judgment in favor of the administratrix of Connor and against these appellants entered upon the verdict of a jury for $10,000. The evidence showed that Connor was 20 years 6 months old at the time of his death and that his wages were $10.50 per week. In the case at bar the jury returned a verdict of $15,000. The intestate was 32 years of age and was earning $12 per week. We have carefully considered the record in this case, and have reached the conclusion that plaintiff was entitled

to a verdict, and that no reversible error was committed; but we think that the amount of the verdict was excessive and unwarranted.

The judgment and order will therefore be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff will stipulate to reduce the judgment to $7,500 and the costs and disbursements in the court below, with interest thereon from March 7, 1900, to the date of the entry of judgment, and in that event judgment and order affirmed, without costs to either party in this court. All concur.